EXHIBIT "1"

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT, IN AND FOR COLLIER COUNTY, FLORIDA

ELLEN L. MADEIRA as Trustee of the
Ellen L. Madeira Revocable Trust Dated
March 7, 2002 as amended and
ELLEN L. MADEIRA, Individually,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

CASE NO.:

## COMPLAINT FOR DAMAGES
*(Amended as to size of Document)*

Plaintiff, ELLEN L. MADEIRA as Trustee of the Ellen L. Madeira Revocable Trust Dated March 7, 2002 as amended and ELLEN L. MADEIRA, Individually (hereinafter the "Plaintiff"), hereby sues Defendant, FEDERAL INSURANCE COMPANY (hereinafter the "Defendant"), and states as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages under an insurance policy resulting from loss of property wherein the amount in controversy exceeds Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest and attorney's fees, and is therefore within the jurisdiction of this Court.

2. At all times material hereto, Plaintiff was insured by Defendant under a property insurance policy issued by Defendant, was and is an individual over the age of eighteen (18) years that owned real property in Collier County, Florida, and was otherwise *sui juris*.

3. At all times material hereto, Defendant was and is an insurance company authorized to conduct and was in fact conducting business in Collier County, Florida.

4. Venue is proper in Collier County, Florida as Collier County, Florida is the locale where the cause of action accrued.

5. All conditions precedent have been satisfied, discharged or waived.

## GENERAL ALLEGATIONS

6. At all times material hereto, in consideration of the applicable premium, Defendant issued to Plaintiff a property insurance policy bearing policy number 10660072-07 (hereinafter the "Policy"). A certified copy of the Policy was attached to initial complaint filed on May 25, 2021.

7. The Policy provided insurance coverage for the property located at 7913 Tiger Lily Drive, Naples, Florida 34113 (hereinafter the "Property").

8. Defendant insured the Property for damage including, but not limited to, damage to the structure and its contents resulting from water damage, windstorm, fire, theft, and other covered perils.

9. On or about September 10, 2017 while the Policy was in full force and effect, a covered loss occurred to the Property, namely, Hurricane damage (hereinafter the "Loss").

10. Plaintiff timely filed a claim and notified Defendant of the Loss.

11. Defendant assigned claim number 040517071570 to the Loss (hereinafter the "Claim").

12. Plaintiff has fully cooperated in the investigation of the Claim.

13. Defendant was not prejudiced in its investigation. of the Claim.

14. Thereafter, Defendant wholly and improperly denied coverage for the Insured's Loss and Claim.

15. Plaintiff has suffered and continues to suffer as a result of the Loss.

## COUNT I – BREACH OF CONTRACT

16. Plaintiff incorporates the allegations set forth in paragraphs one (1) through fifteen (15) as if fully set forth herein.

17. The Policy provides coverage for direct physical loss to the Property.

18. Plaintiff and Defendant entered into a written contract, the Policy, wherein Plaintiff agreed to pay a premium and Defendant agreed to insure the Property.

19. Plaintiff has paid all premiums due and owing.

20. Plaintiff satisfied all post-loss obligations in compliance with the terms and conditions of the Policy.

21. Defendant breached its contractual obligations in the Policy by failing to make payment for the Claim sufficient to return the Property to a pre-loss condition, as required by the Policy.

22. Defendant's failure to pay the full amount of the Claim is contrary to the terms of the Policy and is a breach of the Policy.

23. As a result of Defendant's breach, Plaintiff has been damaged in an amount to be determined at trial.

24. As a direct and proximate cause of Defendant's acts and omissions, Plaintiff has been forced to retain the services of undersigned counsel and Defendant is responsible for paying a reasonable attorney's fees pursuant to Florida Statutes §627.428 or §626.9373.

WHEREFORE, Plaintiff prays for damages, pre-judgment interest, attorney's fees pursuant to Florida Statute §627.428 or §626.9373, costs as the prevailing party, and any other relief this Honorable Court deems fair and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial against Defendant on all issues so triable.

[NOTICE OF COMPLIANCE ON FOLLOWING PAGE]

### NOTICE OF COMPLIANCE WITH FLORIDA RULE OF JUDICIAL ADMINISTRATION RULE 2.516

Plaintiff, by and through undersigned counsel, file this Notice of Compliance with Judicial Administration Rule 2.516 and hereby designates the following email address as the sole email addresses for transmitting electronic service documents on behalf of Daniel Rosenbaum, Esquire:

PRIMARY EMAIL for Service of Pleadings and Court Documents *only*:
DRosenbaum@HLLawgroup.com

SECONDARY EMAIL:
Service@HLLawgroup.com

TERTIARY EMAIL for correspondence and scheduling:
SJames@HLLawGroup.com

Transmittal of court documents to the above-designated email addresses must be made in order for service to be proper and effective, however, please use the attorneys' regular email addresses for all other communications.

DATED this 16th day of June, 2021.

HL LAW GROUP, P.A.

By: /s/ *Daniel Rosenbaum*
Daniel Rosenbaum, Esquire
FBN: 123674
Attorney for Plaintiff
2601 East Oakland Park Boulevard, Suite 503
Fort Lauderdale, Florida 33306
Telephone: (954) 713-1212
Facsimile: (954) 760-4239
Primary Email:   DRosenbaum@HLLawGroup.com
Secondary Email:  Service@HLLawGroup.com
Tertiary Email:    SJames@HLLawGroup.com